TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 94-1103 |
| of | : | |
| | : | May 5, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| MAXINE P. CUTLER | : | |
| Deputy Attorney General | : | |
| | : | |

_____


THE HONORABLE RUBEN AYALA, MEMBER OF THE CALIFORNIA STATE SENATE, has requested an opinion on the following question:

May the Metropolitan Water District of Southern California impose a service availability charge upon each of its member agencies, and, at the request of a member agency, collect a portion of the service availability charge from each parcel owner within the member agency's service area, which would be received as a credit against the member agency's service availability obligation?

CONCLUSION

The Metropolitan Water District of Southern California may impose a service availability charge upon each of its member agencies, and, at the request of a member agency, collect a portion of the service availability charge from each parcel owner within the member agency's service area, which would be received as a credit against the member agency's service availability obligation.

ANALYSIS

The Metropolitan Water District of Southern California ("District") is organized under and governed by the provisions of the Metropolitan Water District Act of 1969. (Stats. 1969, ch. 209; formerly Stats. 1927, ch. 429; Deering's Wat. Uncod. Acts, Act 9129b; West's Wat. Code, Appendix, §

109; "Act.")[1]  The District is "organized for the purpose of developing, storing and distributing water for domestic and municipal purposes." (§ 25.)  Each member of the District is a "public agency, the area of which, in whole or in part, is included within a metropolitan water district as a separate unit." (§ 12.)

The District's Board of Directors ("Board"), which is comprised of "at least one representative from each member public agency" (§ 51), imposes rates and charges for water provided by the District.  (§§ 130-134.)  It may also raise revenue by assessing a property tax (§ 307), assessing a benefit assessment (§§ 134.6-134.9), issuing short-term revenue certificates (§§ 296-299.5) and incurring bonded indebtedness (§§ 200-295.3).

The question presented for resolution concerns the imposition of a service availability charge under the terms of section 134.5.  The statute provides:

"(a) The board may, from time to time, impose a water standby or availability service charge within a district.  The amount of revenue to be raised by the service charge will be as determined by the board.

"(b) Allocation of the service charge among member public agencies shall be in accordance with a method established by ordinance or resolution of the board.  Factors that may be considered include, but are not limited to, historical water deliveries by a district; projected water service demands by member public agencies of a district; contracted water service demands by member public agencies of a district; service connection capacity; acreage; property parcels; population, and assessed valuation, or a combination thereof.

"(c) The service charge may be collected from the member public agencies of a district.  As an alternative, a district may impose a service charge as a standby charge against individual parcels within the district.  In implementing this alternative, a district may exercise the powers of a county water district under Section 31031 of the Water Code, except that, notwithstanding Section 31031 of the Water Code, a district may (1) raise the standby charge rate above ten dollars ($10) per year by a majority vote of the board, and (2) after taking into account the factors specified in subdivision (b), fix different standby charge rates for parcels situated within different member public agencies.

"(d) Before imposing or changing any water standby or availability service charge pursuant to this section, a district shall give written notice to each member public agency not less than 45 days prior to final adoption of the imposition or change.

---

[1]All unidentified section references are to the Act.

"(e) As an alternative to the two methods set forth in subdivision (c), a district, at the option of its board, may convert the charge to a benefit assessment to be levied pursuant to Sections 134.6 to 134.9."

Water Code section 31031 provides in turn:

"A district may fix, on or before the first day of July in each calendar year, a water standby or availability charge of not to exceed ten dollars ($10) per acre per year for each parcel of land, or ten dollars ($10) per year for each parcel of land less than an acre within the district to which water is made available for any purpose by the district, whether the water is actually used or not.  The board of directors of a district which fixes such a charge may establish schedules varying such charge according to the land uses and degree of availability or quantity of use of such water to the affected lands, and may restrict such charge to lands lying within one or more improvement districts within such district."

May the District assess each of its members a service availability charge but collect it in part from property owners within the service area of any member that requests such collection? We conclude that it may do so under the terms of section 134.5.

We are informed that the District is planning a long-range capital improvements program to construct facilities necessary to maintain a reliable water supply.  The District anticipates revising its rate structure, incorporating a commodity rate charge for the delivery of water, a property tax, a service availability charge (known as a "readiness-to-serve charge"), as well as new demand and connection maintenance charges.  The service availability charge would be imposed on the District's member agencies to recover the debt service on bonds issued to finance the capital facilities and would be allocated among the District's member agencies on the basis of their historical water purchases.  If a member agency so requests, a portion of the service availability charge would be collected from each parcel owner within the member's service area.  A charge collected by the District on behalf of a member agency would be credited against the member agency's assessment.  The member agency would remain liable for any amount of its service availability obligation not collected from the property owners.

Service availability fees, or standby charges, are charges imposed on parcels of land regardless of whether any water is actually delivered.  "Standby and availability charges are fees exacted for the benefit which accrues to property by virtue of having water available to it, even though the water might not actually be used at the present time."  (*Kennedy* v. *City of Ukiah* (1977) 69 Cal.App.3d 545, 553.)  For our purposes, the terms "water standby charge" and "availability charge" have the same meaning.   (Wat. Code, § 389, subd. (a).)

The Board is expressly authorized in section 134.5 to collect a service availability charge from its member agencies.  As an alternative, it may impose the charge upon individual parcel owners within the District.  Section 134.5 does not specifically address the collection mechanism now proposed by the Board.  In order to determine whether the proposal comes within the terms of section 134.5, we turn to applicable principles of statutory construction for guidance.   "The rules of statutory

construction are well established.  In interpreting a statute, the court should ascertain the intent of the Legislature so as to effect the purpose of the law." (*City of Berkeley* v. *Cukierman* (1993) 14 Cal. App.4th 1331, 1338-1339.)  "[I]f the meaning of the words is not clear, courts must . . . refer to the legislative history." (*Halbert's Lumber, Inc.* v. *Lucky Stores, Inc.* (1992) 6 Cal.App.4th 1233, 1239.) "`[T]he provision must be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.'" (*In re Steven F.* (1994) 21 Cal.App.4th 1070, 1077.)

With these principles in mind and looking at the individual provisions of section 134.5, we find that the Board must first determine "[t]he amount of revenue to be raised by the service charge." (§ 134.5, subd. (a).)  The total amount to be collected is then allocated to the areas of the individual member public agencies.  (§ 134.5, subd. (b).)  Subdivision (c) of 134.5 provides two different methods of collecting the service charge: "The service charge may be collected from the member public agencies of a district.  As an alternative a district may impose a service charge as a standby charge against individual parcels within a district."  Finally, subdivision (e) of section 134.5 authorizes the Board to convert the service charge into a benefit assessment.

It is apparent that section 134.5, added to the Act by the Legislature in 1984 (Stats. 1984, ch. 271, § 5), was intended to furnish an additional source of funding for the Board.  Section 134.5 was added at the same time section 134 was amended (Stats. 1984, ch. 271, § 4).  Section 134 provides:

> "The Board, so far as practicable, shall fix such rate or rates for water as will result in revenue which, together with revenue from any water standby or availability service charge or assessment, will pay the operating expenses of the district, provide for repairs and maintenance, provide for payment of the purchase price or other charges for property or services or other rights acquired by the district, and provide for the payment of the interest and principal of the bonded debt subject to the applicable provisions of this act authorizing issuance and retirement of the bonds.  Those rates, subject to the provisions of this chapter, shall be uniform for like classes of service throughout the district."

From the legislative history, it is evident that the Board is to have flexibility in generating its revenues.  The Board may appropriately collect a service availability charge from its member agencies or impose a service availability charge against individual parcels within the District.  We believe it to be reasonable for the Board to impose a service availability charge upon its member agencies, but if requested by a member agency, to collect a portion of the charge from each property owner as long as the amount collected is credited against the member agency's obligation.

The Board has determined that the proposed rate structure will insure stability of funds and that the charges will be equitably allocated.  It has concluded that a service availability charge is necessary to produce sufficient revenues to cover the District's operations.  Substantial deference must be given to the Board's determination of its rate design.  The Board is responsible for not only fairly allocating a finite resource, but also financing the system by which the resource is supplied.  (See

*Bryden* v. *East Bay Municipal Utility District* (1994) 24 Cal.App.4th 178, 201.)   "Rates established by the lawful rate-fixing body are presumed reasonable, fair and lawful." (*Hansen* v. *City of San Buenaventura* (1986) 42 Cal.3d 1172, 1180.)

We conclude that the Board may impose a service availability charge upon each of its member agencies, and, at the request of a member agency, collect a portion of the service availability charge from each parcel owner within the member agency's service area, which would be received as a credit against the member agency's service availability obligation.

* * * * *